8385

## MUCKENFUSS v. ATLANTIC COAST LINE R. R. CO.

RAILROADS—SWITCHMAN—YARD—ISSUES.—Whether due care required
signals in a freight yard for benefit of employees and whether there
was simple negligence or wilful disregard of the safety of employees
is for the jury. Whether a switchman could recover for injury
received in a freight yard, while going to set a switch, from being hit
by an engine running at a rapid rate of speed, without signals and
with only the engineer to look out, is for the jury.

Before GAGE, J., Charleston, June term, 1911.    Affirmed.

Action by Wingate Muckenfuss against Atlantic Coast Line Railroad Company and John R. Cabell.    Defendants appeal.

*Mr. W. Huger FitzSimons,* for appellant, cites : *Risk incident to employment:* 9 L. R. A. 861; 102 Mass. 572; Elliott on R. R., secs. 1302, 1288, 1288a, 1289, 1290; 45 Fed. R. 673; 138 F. R. 383.    *Nonsuit should be granted where conclusive case of assumption of risks is made out:* 81 S. C. 522; 52 S. C. 438; 21 S. C. 541; 77 S. C. 328.    *Switchman is a fellow servant with employees on switching engine:* 87 S. C. 187.    *It is presumed one on track will get off:* 34 S. C. 292; Elliott on R. R., secs. 1153, 1157, 1163; 63 S. C. 271; 72 S. C. 392.    *Contributory negligence of plaintiff requires a nonsuit:* 78 S. C. 374; 77 S. C. 328; 58 S. C. 491; Elliott, sec. 1258; 145 U. S. 418; 38 N. E. 500; 78 N. E. 670.

*Messrs. Logan & Grace,* contra, cite : *When nonsuit should not be granted:* 78 S. C. 251; 80 S. C. 545; 67 S. C. 129; 90 S. C. 316; 86 S. C. 274, 306; 50 S. C. 37; 60 S. C. 18.    *Failure to give signals carries issues to jury:* 89 S. C. 23; 78 S. C. 62.    *Request applicable to no evidence should not be given:* 63 S. C. 577; 65 S. C. 543; 83 S. C. 536; 75 S. C. 529.    *Those in charge of shifting engine should look out:* 89 S. C. 23; 78 S. C. 63.    *Request as to duty of switchman to keep lookout was on the facts:* 86 S. C. 379; 63 S. C. 507; 84 S. C. 568.

December 5, 1912.    The opinion of the Court was delivered by

MR. JUSTICE FRASER.    This action was commenced in the Court of Common Pleas for Charleston county, on the 22d day of June, 1910.·    It was an action for damages for personal injury to a switchman, the plaintiff.

The plaintiff complained that while he was in the yard of the defendant railroad company, going toward the switch, for the purpose of throwing said switch to let in his train, and while he was near the said switch, the tender attached to a large engine on a parallel track and very close to the track on which defendant's train was standing, struck the plaintiff and injured him.

The acts of negligence alleged were as follows:

(a) By causing and allowing a freight engine and tender to be used for purposes of shifting in the yards of said defendant corporation.

(b) In failing and omitting to have a man stationed on the rear of said tender and engine to guard said train and give warning of its approach.

(c) By failing and omitting to give any signal by ringing the bell or in any way whatsoever to said plaintiff, so as to warn him of the approach of said tender and engine.

(d) By causing and allowing said engine and tender to run down and upon said plaintiff while he was engaged about the duties of his employment.

(e) By failing and omitting to keep a proper lookout on said engine and tender so as to have seen plaintiff and avoided injuring him.

(f) By running said engine and tender at a high and dangerous rate of speed.

(g) By requiring plaintiff to work in a place that was dangerous and unsafe by reason of the narrow space between the tracks.

The answer was a general denial and contributory negligence, in that the plaintiff failed to look and listen for the approach of the engine and tender which struck him on the other track.

At the close of the plaintiff's testimony, there was a motion for nonsuit, and at the close of all the testimony there was a motion to direct a verdict. The motion for a nonsuit was refused and the Judge also refused to direct a

verdict. The jury found for the plaintiff a verdict of $4,250.

There are nine exceptions. All of these are withdrawn except exceptions 1 and 2.

Exception 1 is as follows:

1. "Because the Circuit Judge erred in refusing the motion for nonsuit. It is submitted the nonsuit should have been granted upon the grounds asked for, to wit:

"That there was a total absence of testimony to sustain the material allegations of the complaint.

"That the testimony is that whatever injuries plaintiff received, were the result of his own carelessness and negligence.

"That the testimony is that that injury which plaintiff received was the result of a risk incident to his employment which was assumed with his employment.

"Because the only inference which can be drawn from the testimony is that plaintiff was injured by his own contributory negligence as the proximate cause thereof.

"And failing in the above we ask for a nonsuit upon the cause of action for punitive damages because there is no testimony that plaintiff's injury was due in any manner to a wilful or wanton act of defendant."

This exception can not be sustained. The evidence shows that the plaintiff was on the front of his train, approaching a switch; that an engine and tender were backing in the same direction on a parallel track; that while the rules of the company provided, besides the engineer, a fireman, whose duty it was to assist the engineer in looking for danger, that he was not on the engine and the engineer knew it; that without ringing of the bell or blowing of the whistle, without any warning whatever, or the intention to give any warning or recognition of the necessity for any warning and the denial of the necessity for any warning, the engine and tender were backed down against the plaintiff. Now, whether due care required any signals at all in the freight yard, and what

those signals should be was a question for the jury. Whether the running of the train without any signals was simple inadvertence or a deliberate intention so to run, was simple negligence or a wilful disregard of the safety of any of the railroad employees, who had the right and who were expected to be on the railroad yard, whether the engineer, seeing the plaintiff on his train approaching a switch, knew that the switchman would be there in a position of danger or no, were questions of fact for the jury and his Honor could not have taken the case from the jury by a nonsuit or by a direction of a verdict.

The case of *Smith* v. *Southern Railway,* in 90 S. C., page 459, is conclusive of this matter. At page 462, this Court says: "It was the province of the jury to say what due regard for safety of employees required; it was the province of the jury to say whether any warning was necessary, under the circumstances, and if warning was necessary, 'what warning.' "

If the jury came to the conclusion that there was negligence, then it was their province to say whether it was wilfulness or mere inadvertence.

The second exception is as follows:

2. "Because the Circuit Judge erred in refusing to direct a verdict for defendants. It is submitted such verdict should have been directed upon the grounds given, to wit:

"Because there was no evidence of negligence upon which a verdict for plaintiff could be based.

"Because the evidence shows that the plaintiff's own contributory negligence was the proximate cause of his injury.

"Because whatever injuries he received were within the risk of his employment.

"Because there was nothing in the cause of action for wilful or wanton or punitive damages."

What has been said in regard to the first exception applies here. It is true the requirement to ring the bell and blow the whistle in the freight yard is not an absolute require-

ment, but the company is required to exercise due care, and whether any warning is necessary, and what warning is necessary, were questions for the jury. It is also a matter for the jury to determine the question of simple negligence or wilfulness.

The judgment of this Court is that the judgment of the Circuit Court be, and the same is hereby, affirmed.

MR. JUSTICE WATTS *did not sit in this case.*